Defendant-appellant, Lamont Jones, appeals from the judgment of the trial court, after a bench trial, convicting him of four counts of gross sexual imposition and declaring him a sexual predator. Appellant contends that the trial court was without authority to find him to be a sexual predator. We agree and, accordingly, reverse the adjudication of appellant as a sexual predator. In addition, due to numerous sentencing errors, we sua sponte modify appellant's sentence and, as modified, affirm the sentence.
In May 1998, the Cuyahoga County Grand Jury indicted appellant on three counts of rape, in violation of R.C. 2907.02, three counts of attempted rape, in violation of R.C. 2923.02 and 2907.02, and two counts of gross sexual imposition, in violation of R.C.2907.05. Each count contained a sexually violent predator specification pursuant to R.C. 2971.01(I).
Appellant was released on bond. He waived his right to a jury trial and on November 9, 1998, the case proceeded to a bench trial. Pursuant to R.C. 2971.02, the trial court deferred the hearing regarding the sexually violent predator specifications on each count until after a verdict was rendered.
The trial testimony included that of the two alleged victims, sisters who were both under thirteen years of age when the alleged incidents occurred. The younger victim testified that she and her two sisters spent two weekends at appellant's house in May 1998. She testified that one night after she had fallen asleep on the couch in the living room of appellant's home, she awoke to find appellant trying to finger her private. She also testified that appellant tried to make me suck his thing. She testified that she then woke her sister, who was also in the living room, and they went to an upstairs bedroom, where they put stuff behind the door, so that way he wouldn't come in. This witness also testified that on another occasion, appellant used one finger and touched her back part or bottom. The witness' testimony regarding whether appellant ever penetrated her with his finger was inconsistent.
The older sister similarly testified that appellant touched her when she and her sisters stayed at appellant's house in May 1998. She testified that one night when she was sitting on the couch watching television with appellant, appellant reached over and then he went down into my shorts and my underwear and just had his hand on my private * * * and then he tries to go even farther and tries to finger me * * *. She testified that on another occasion, after falling asleep on appellant's living room floor, she woke up to find appellant trying to touch her private over her clothing as he lay on the floor behind her.
At the conclusion of the trial testimony, the state dismissed count two (rape), count five (attempted rape) and count eight (gross sexual imposition).
The trial court found appellant guilty of four counts of gross sexual imposition, in violation of R.C. 2907.05(4). Specifically, on counts one (rape), three (rape) and six (attempted rape), the trial court found appellant not guilty of the indicted offense but guilty of the lesser included offense of gross sexual imposition.[1]
The trial court also found appellant guilty on count seven (gross sexual imposition). The trial court found appellant not guilty on count four, attempted rape.
Prior to sentencing, the trial court held a hearing regarding the sexually violent predator specifications for each count and the issue of classifying appellant as a sexual predator.
At the hearing, the state incorporated by reference all of the trial testimony. It also presented the testimony of Jenita Curlee, who testified that she and her family moved in with appellant and his family in November 1998, while appellant was out on bond. Ms. Curlee testified that she believed appellant inappropriately touched her ten-year-old daughter while her family was staying with appellant.
The state also presented the testimony of Ms. Curlee's ten-year-old daughter. This witness had testified for appellant at trial that the younger of the two alleged victims had asked her to lie and say that Uncle Lamont had did something to me. At the hearing, however, she testified that she fell asleep on the couch at appellant's home one night while watching television and woke to find appellant reaching under the blanket that covered her and rubbing her leg.
At the conclusion of the hearing, the trial court acquitted appellant of the sexually violent predator specifications. The trial court determined, however, that appellant is a sexual predator, pursuant to R.C. 2950.09(B).
The trial court sentenced appellant to two years of imprisonment on each count. The trial court ordered that the two-year terms on counts three, six and seven be served concurrently, but ordered further that the sentence on count one be served consecutive to that imposed on counts three, six and seven. The trial court also ordered that appellant pay restitution for any counseling undergone by the alleged victims.
Appellant timely appealed, presenting two assignments of error for our review:
 I. THE TRIAL COURT IMPROPERLY FOUND THE APPELLANT TO BE A SEXUAL PREDATOR AND SUCH FINDING MUST BE VACATED.
 II. THE APPELLANT'S SENTENCE IS CONTRARY TO OHIO LAW.[2]
In his first assignment of error, appellant argues that the trial court erred in adjudicating him to be a sexual predator. Appellant contends that the trial court could not adjudicate him to be a sexual predator under R.C. 2950.09 once he was acquitted of the sexually violent predator specification. Appellant does not challenge his underlying conviction.
R.C. 2950.09(A), (B) and (C) set forth the methods for classifying a person as a sexual predator. R.C. 2950.09(A) provides that an offender is automatically classified as a sexual predator if the person is convicted of or pleads guilty to a sexually violent offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment. Where an offender cannot be classified as a sexual predator pursuant to R.C. 2950.09(A), he or she may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section.
R.C. 2950.09(B) allows an offender to be classified as a sexual predator, after a hearing, if the offender committed a sexually oriented offense that is not a sexually violent offense, or if he or she committed a sexually oriented offense that is a sexually violent offense and a sexually violent predator specification was not included in the indictment * * *.
R.C. 2950.09(C) allows an offender to be classified as a sexual predator after a hearing but applies to only to those persons who were convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997.
Neither R.C. 2950.09(A), (B) or (C) apply in this case. R.C.2950.09(C) obviously does not apply because appellant was convicted after January 1, 1997. Similarly, R.C. 2950.09(A) obviously does not apply because the trial court found appellant not guilty of the sexually violent predator specification. Therefore, he could not automatically be classified as a sexual predator pursuant to R.C.2950.09(A).
R.C. 2950.09(B) also does not apply in this case. Appellant committed a sexually violent offense and a sexually violent predator specification was included in the indictment.[3] Thus, appellant's case does not meet either of the requirements for conducting a sexual predator hearing pursuant to R.C. 2950.09(B).
Moreover, R.C. 2950.09(B)(4) specifically precludes a hearing under such circumstances:
 A hearing shall not be conducted under division (B) of this section regarding an offender if the sexually oriented offense in question is a sexually violent offense and the indictment, count in the indictment, or information charging the offense also included a sexually violent predator specification.
This preclusion only makes sense. First, if an offender commits a sexually violent offense and the indictment includes a sexually violent predator specification of which the offender is convicted or pleads guilty, the offender is automatically classified as a sexual predator and, accordingly, no hearing is necessary. R.C. 2950.09(A).
There is similarly no need for a hearing regarding whether the offender is a sexual predator if an offender commits a sexually violent offense but is acquitted of the sexually violent predator specification included in the indictment. For purposes of the sexually violent predator specification, R.C. 2971.01(H)(1) defines a sexually violent predator as a person who has been convicted of or pleaded guilty to committing * * * a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses. For purposes of classifying sexual offenders, R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. By acquitting an offender of the sexually violent predator specification, the trial court necessarily concludes that the evidence fails to establish that the offender is likely to engage in the future in one or more sexually violent offenses. Therefore, it would be logically inconsistent for the trial court to then find that an offender is a sexual predator, i.e., a person * * * likely to engage in the future in one or more sexually oriented offenses.
This court recently addressed the very same issue in State v. Wynn(Dec. 2, 1999), Cuyahoga App. No. 75281, unreported. In Wynn, the defendant was indicted on two counts of gross sexual imposition, both with a sexually violent predator specification, and two counts of assault on a peace officer. The jury found the defendant guilty of one of the gross sexual imposition charges and acquitted him of the remaining charges. The trial court subsequently acquitted the defendant of the sexually violent predator specification but found him to be a sexual predator and a sexually oriented offender.
In reversing the trial court's judgment that the defendant was a sexual predator, this court stated, There are no provisions of R.C. 2950.09, as it is currently drafted, which permit a trial court to adjudicate a defendant to be a sexual predator once he has been acquitted of a sexually violent predator specification. Id.
Under Crim.R. 52(B), we have discretion to recognize plain errors or defects affecting substantial rights * * * although they were not brought to the attention of the court. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
Here, we conclude that the trial court committed plain error in adjudicating appellant to be a sexual predator even though it acquitted him of the sexually violent predator specification. Accordingly, we sustain appellant's first assignment of error and reverse the trial court's determination that appellant is a sexual predator.
In his second assignment of error, appellant contends that his sentence is contrary to law. We agree.
Pursuant to R.C. 2907.05(B), a violation of R.C. 2907.05(4), of which appellant was convicted, is a third-degree felony. R.C.2929.14(A)(3) sets forth the sentencing guidelines applicable to third-degree felonies, allowing prison terms of one year to five years.
Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court recently addressed the principles governing minimum and maximum sentences. With respect to minimum terms, the Supreme Court stated, [U]nless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. Id. at 326.
Here, although appellant had not previously served a prison term, the trial court did not impose the minimum sentence of one year of incarceration. It did not, however, as required by R.C.2929.14(B) and Edmonson, make a finding on the record that a one-year minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by appellant.
Moreover, the trial court erred in not imposing a one-year minimum sentence on each count because the statutory factors identified in R.C. 2929.14(B) for imposing other than the minimum sentence are not present in this case. A minimum prison term does not demean the seriousness of appellant's conduct nor fail to adequately protect the public from future crime by appellant.
The trial court also erred in imposing consecutive sentences in this case. R.C. 2929.14(E) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Thus, pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sente
Here, the trial court did not make the necessary findings on the record to satisfy the criteria imposed by R.C. 2929.14 (E) (4). Indeed, the trial court gave no reason whatsoever for imposing consecutive sentences in this case.
Moreover, we find that the trial court erred in imposing consecutive sentences because appellant does not meet the statutory conditions set forth in R.C. 2929.14(E)(4). There is nothing in the record to indicate that consecutive sentences are necessary to protect the public or to punish appellant. Furthermore, the consecutive sentences imposed in this case are disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. Accordingly, appellant's sentences should have been ordered to be served concurrently.
Finally, although the trial court was authorized pursuant to R.C. 2929.18 to order appellant to pay restitution to the alleged victims,[4]it erred in ordering appellant to pay restitution without first, considering appellant's ability to pay the sanction. R.C.2929.19(B) (6) provides:
 Before imposing a financial sanction under section 2929.18 of the Revised Code, the court shall consider the offender's ability to pay and other matters under section 2929.181 of the Revised Code.[5]
R.C. 2929.18(E) provides that a court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it.
A review of the record indicates that the trial court did not comply with the above-stated statutory requirements. The trial court did not hold a hearing to determine whether appellant was able to pay the financial sanction imposed by the court nor did it consider, even cursorily, whether appellant has the means to pay the sanction imposed by the court. In light of the trial court's finding, for purposes of appointing appellate counsel, that appellant is indigent, however, we conclude that it is apparent that appellant does not have the means to pay the financial sanction imposed by the court.
Therefore, we modify appellant's sentence to one year of incarceration on each count, the sentences to be served concurrently, and vacate the financial sanction imposed by the trial court. As modified, we affirm the sentence.
Appellant's second assignment of error is sustained.
The conviction is affirmed in part and reversed in part; the sentence modified and, as modified, affirmed.
It is, therefore, ordered that appellant recover of appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
JAMES D. SWEENEY, J., CONCURS; PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY.
[1] See State v. Johnson (1988), 36 Ohio St.3d 224, paragraph one of the syllabus.
[2] Appellant's second assignment of error was not included in his original brief on appeal. On April 26, 2000, appellant filed a motion for leave to file a supplemental assignment of error instanter regarding his sentence. This court granted appellant's motion and allowed appellee to file a supplemental brief regarding appellant's second assignment of error.
[3] Gross sexual imposition of a child under thirteen years of age, a violation of R.C. 2907.05(4), is a violent sex offense to which the sexually violent predator specification may be attached. See R.C. 2971.01(H)(1) and R.C. 2971.01(L)(1).
[4] R.C. 2929.18(A) provides, in pertinent part:
 The court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, * * *:
 (1) Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss.
[5] R.C. 2929.181, which would have required courts to hold a hearing in order to determine an offender's ability to pay a fine, was initially enacted by S.B. No. 2 and was set to take effect on July 1, 1996. However, Am.Sub.S.B. No. 269, which was subsequently enacted on June 28, 1996, repealed R.C. 2929.181 effective July 1, 1996 and, therefore, R.C. 2929.181 never became governing law within the state of Ohio. State v. Frede (Nov. 24, 1997), Clermont App. No. CA97-02-011, unreported.